PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE _NORTHERN_ DISTRICT OF TEXAS
_LUBBOCK_ DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 22 2023

CLERK, U.S. DISTRICT COURT
By _____
Deputy

_TROY E. WIGLEY_
Plaintiff's Name and ID Number _00437586_

_John T. Montford Unit - Texas Dept. Crim. Justice - Inst. Div._
Place of Confinement

CASE NO. **5-23CV-189-C**
(Clerk will assign the number)

v.

_Texas Department of Criminal Justice - Inst. Division._
Defendant's Name and Address

_James V. Allred Unit and Stringfellow Unit and_
Defendant's Name and Address

_Jester 4 Unit - State Mental Hospital and John T. Montford Unit_
Defendant's Name and Address _8602 Peach Avenue, Lubbock, Tx 79404_
( DO NOT USE "ET AL.") _Department of the Treasury, IRS - Austin, Tx 73301-0215_

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly  handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK  PAGE AND  WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

II.    PLACE OF PRESENT CONFINEMENT: *Montford Unit - 8602 Peach Avenue, Lubbock, TX 79404*

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    √ YES   √ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: *TROY E. WIGLEY #00437586 - John T. Montford Unit - Tex. Tech. Univ. - Medical Health Science Center - 8602 Peach Avenue, Lubbock, TX 79404. I am a person with diagnosed with a developmental disability - Schizophrenia affected disorder and I was diagnosed with this mental illness before I reached 22 yrs of age.*

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: *Texas Department of Criminal Justice - Inst. Division - P.O. Box 9900 Huntsville, TX 77342 (936) 437-4271*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*As a federal funded agency it denied me accommodation medical treatment & care that is given to prisoners who are not similarly physically and mentally disabled or impaired.*

Defendant #2: *James V. Allred Unit - 2101 FM 369 North, Iowa Park, TX 76367. As a federal funded agency it denied me accommodations in medical treatment & care that is given to*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*prisoners who are not similarly physically and mentally disabled or impaired.*

Defendant #3: *Stringfellow Unit - 1200 FM 655, Rosharon, TX 77583. As a federal funded agency it denied me accommodations in medical treatment & care that is given to prisoners*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*who are not similarly physically and mentally disabled or impaired.*

Defendant #4: *Jester 4 Unit - State Mental Hospital - Jester Road, Richmond, TX 77406. A federal funded agency it denied me accommodations in medical treatment & care that is*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*given to prisoners who are not similarly physically and mentally disabled or impaired.*

Defendant #5: *John T. Montford Unit - 8602 Peach Avenue, Lubbock, TX 79404. As a federal funded agency it denies me accommodations in medical treatment & care that is given*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*to prisoners who are not similarly physically and mentally disabled or impaired.*

                                    *see Attachment page →*

Rev. 05/15

3

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

This is a Legal Rights of Disabled and Impaired Prisoners lawsuit under the Title II-42 U.S.C. S. §12101-§12132 Americans with Disability Act (ADA); and/or the Rehabilitation Act 29 U.S.C. §794(a). Unlike Section 1983, the ADA and Rehabilitation Act allow prisoners with a disability or mental illness or developmental disability to sue TDCJ directly, TDCJ is A.K.A. Texas Department of Criminal Justice. To begin with I have a three strikes rule against me under provisions 28 U.S.C. §1915(g) but even still I cannot pay the $400 filing fee at all. However, there is an exception to the "three strikes" rule if a prisoner are in immediate danger of serious physical injury. Because prison conditions create an imminent danger at the time I filed-dated and mailed this lawsuit, not at the time of the incident that led
see Attachment Pages →→

VI.    RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments.  Cite no cases or statutes.

Where fore, Premises Consider, Plaintiff Wigley demands and Request a Trial by Jury of a six man Jury; and Plaintiff demands compensatory Damages
see Attachment Pages →

VII.    GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

TROY EUGENE WIGLEY A.K.A. Tiger.

B.  List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#00437586

VIII.    SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?  ✓ YES ____ NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): Waco DIVISION

2.  Case number: uncertain EXACTLY.

3.  Approximate date sanctions were imposed: (UNCERTAIN) AROUND OR ABOUT 1992-96

4.  Have the sanctions been lifted or otherwise satisfied?    ____ YES ✓ NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed? ✓ YES ____NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): WACO DIVISION - U.S. Dist

   2. Case number: (UNCERTAIN) AROUND OR ABOUT 1992-96

   3. Approximate date warning was issued: (UNCERTAIN) AROUND OR ABOUT 1992-96

Executed on: August 17th 25, 2023
(DATE)

TROY EUGENE WIGLEY

Mr. Troy Eugene Wigley
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

   1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

   2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

   3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

   4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

   5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 25th 17th day of August, 20 23.
(Day)        (month)        (year)

TROY EUGENE WIGLEY

Mr. Troy Eugene Wigley
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

CONTINUED FROM PART IV. PARTIES TO THIS SUIT:

Defendant #6: John Doe a guard at John T. Montford Unit - 8602 Peach Ave, Lubbock, Tx 79404. As a employee of the Texas Department of Criminal Justice-Institutional Division he used unnecessary & excessive force by using a chemical pepper spray that prohibited to be used on a person developmentally ill or disabled.

Defendant #7: Jane Doe a female guard at John T. Montford Unit - 8602 Peach Ave, Lubbock, Tx 79404. As a employee of the Texas Department of Criminal Justice-Institutional Division she used unnecessary & excessive force by using extremely scalding hot-water from a shower-stall to force the chemical pepper spray to seriously burn and pill-off skin tissue that's prohibited by the 8th Amendment of the U.S. Constitution on the issue of corpral punishment.

Defendant #8: Jane Doe a female guard at John T. Montford Unit - 8602 Peach Ave, Lubbock, Tx 79404. As a employee of the Texas Department of Criminal Justice Institutional Division she used unnecessary and excessive force by using extreme-ly scalding hot-water from a shower-stall to force the chemical pepper spray to seriously burn and pill-off skin tissue that prohibited by the 8th Amendment of the U.S. Constitution on the issue of corpral punishment - torture.

Defendant #9: IRS - Department of the Treasury - Internal Revenue Service • Austin, Tx 73301-0215, I'm claiming the IRS in Austin, Tx together with her sister agencies has unreasonably, knowingly, wrongfully, and deliberately and arbitrarily denied (my) me stimulus payments because of my disability as a prisoner and disabled person whom had Coronavirus 3 times in prison but survived.

—(Continued) Part V. STATEMENT OF CLAIM:

to the lawsuit, I should not have to pay the full filing fee up front. I will now show this
court that I am in imminent or immediate danger of serious physical injury to myself. See my
cellmate's written and signed statement that I'm in possession of right now a metal silver
razor blade capable of inflicting immediate danger of serious physical injury to myself. Since
the years of January 1, 2010 – 2023 on all the assigned units listed as defendants and namely
The Texas Department of Criminal Justice – Institutional Division – the prison system I've been
chronicly sexually harassed or repetitiously sexually harassed or repetitiously sexually verbal-
ly harassed by inmates and guards because they think I'm transgender or a gay male simply
because I have incurred a side-effect from taking prescribed medicine called Respiredal or
Respierdal that effectively cause men to develop breast like women. I was a victim of that
side-effect of developed breast and so I've tried to get the prison system to perform sur-
gery to reduce the breast back to normal size like a chest, instead of, breast. But the prison
system in Texas currently don't have a breast removal program medically set-up for my kind
of physical injury. I live in constant fear because when I go to outside recreation or shower
and I'm seen other inmates and some guards ask me breast-fetish questions, those things
make me angry and shameful. This discomfort or distress caused by gender dysphoria causes
me very intense anxieties, black depression, suicidal ideations, and even attempted suicide.
Which I feel right now suicidal ideations and even attempted suicide by cutting myself
with the razor blade because each time the prison officials searched and cleaned my cellroom
they failed to take the silver razor blade from the corner of my bunk. I can only imagine they
left the razor there so that I could do more immediate serious physical injury to myself or even
suicide. Which I've tried twice once in February of 2020 and again on April 17, 2023 which is
why I was sent to John T. Montford Unit. The Supervisors on Montford Unit failed to act on
taking the razor blade they knew or should have known each occasion they searched and cleaned
my and my cellmate's cell-room. Thus the state created prison conditions that create a dangerous
situation for myself in general and thus or therefore the Montford unit security is violating the
U.S. Constitution right now by them are "deliberately indifferent" to my a prisoner's safety.

4-B-

I get into fights verbally mostly, but a lot of physical fights due to the inmates preda-
tions and for invasion of my bodily integrity and for a "state-create danger" by leaving me
shamefully with developed breast like a woman without my consent. I requested the safe Pri-
sons/PREA program Level P6 and an interview because I'm still today being subject to inmates
leering and sexually suggestive remarks, which includes asking me am I gay or haven't I ever
been with another man or masturbated inside another man. I get nervous that they were going
to mess with me and start talking to me and pointing fingers about the usual stuff: my
breast. I suffer from a continuing act of gender dysphoria where as nonbinary individual
the Respiradol or Resperidal has pull me in two-direction - toward masculine body presentat-
ion or feminine body presentation. It's hard just to be a person who's not gendered, because
we have such strong gender norms and expectations about bodies are "suppose" to look like.
So I developed a mental disorder by my peers around called toxic Masculinity crisis caused
from my breast appearance that inforced the mesomorphic ideal in the minds of other men-that
started the teasing or bullying from peers other men in prison because my body don't conform
to the ideal. This teasing was about my muscularity body breast with social comparisons with
women with breast or tits causing me develop massive eating disorder, Black depression, intense
anxieties, loss of sleep, twitching-jerking of the body that wakes me up from sleep when I'm
asleep, crying, depression, suicidal ideations and actually even trying suicides - to separate
times. I sought help for medical and psychological conditions but the Psychologist suggested
inferred I'm not expected to have mental health problems, once I explained how, who, when,
where, what was the prepertrator that caused this "feminine physical condition psychu...
officials and the physiaus like Mr. Doty on Allred Unit -mental health all traditionally
acknowledged my "feminine" breast condition like an eating disorder on top of that, and
placed me on Diet-For-Health, placing me in fear of continouous fear and being ridiculed
as less manly for seeking help for this feminine condition I never consented to other pri-
soners especially my cellmates often perceiving me as gay for having those breast conditions.
It's difficult to go to a prison doctor or specialist and get a diagnosis because since
most treatment plans were developed with women in mind to remove breast for cancer
purposes. Thus TDCJ- don't have a treatment plan were developed with men in mind, with

4-C

the same level of developed feminine condition caused and created by Resperidal or Respiradol medication used on prisoner's like me as a psyche drug before it was statewide to the public it causes men to develop breast. They doctors administer Respiradol or Resgeridal in me for a long time about 2½ - 3 yrs. between 2010-2012.

I would like to address myself Troy E. Wigley is a person with a mental and physical disability as a person who has a physical disorder, a mental illness and developmental disability means a severe, chronic disability that: (A) is attributable to a mental or physical impairment or a combination of physical and mental impairments: I am and have been diagnosised with such a severe, chronic disability - of with "gender dysphoria", schizophrenia affected disorders and my past diagnosis from Jester 4 unit and Stringfellow unit and Allred Unit as a Inpatient and now twice here at the Texas Tech Medical - Mental Health Science Center in Lubbock, Tx - on Montford Unit - for attempted suicides. This Complaint also adds that it stems around the Texas Tech Mental Health Science Center and the University of Texas Medical Branch Galveston, Tx and the Texas Dept. of Criminal Justice - Inst. Div. Is currently or has an active continuing acts of Discriminating and Harassing me directly by denying me access through these mental health prison services by these persons or team responsible for establing and continuing-ously maintaining contact with my mental illness, a developmental disability, or an intellectual disability by abusing their discretion to refer and recommend I be place under the care and treatment of the Texas Correctional on offenders With Medical or Mental Impairments because TDCJ didn't won't me release as long as I had an illintellectual complaint or petition against them or involving a official employee in the state or federal Court - relating to Special provisions relating to Mental ILLNESS And Mental Impairments - Title 7, Mental Health And Intellectual Disability Subtitle E. Ch. 614, Title 8, Rights And Responsibilities of Persons With Disabilities, ch. 121. PARTICIPATION And SOCIAL & ECONOMIC ACTIVITIES.

I requested to all my therapists and provides past to recommend my file case management to the Texas Correctional office on offenders with Medical or Mental Impairments because I felt I meet the terms and conditions under it's definitions and state policy as a person with a mental illness and developmental disability. They told me on Jester 4 and Allred Unit Mental Health Services I need to address them myself that they couldn't do that because they don't do that for Inmates. I'd like to state that at all times I was a patient that needed continuity of care

4-D

and services to the process of identifying the medical, psychiatric, psychological care or treatment needs or rehabilitative service needs as an inmate with medical or mental impairments. Right now TDCJ-Inst.Div. And Texas Tech Univ. Medical And Mental Health Science Center cannot meet provide me with access to services or activities because of my disability when I qualify to participate in the services, program or activities for the Title 7 Mental Health And Intellectual Disability special provisions - Human Resource Code and State policy as a person who is able to meet all of a program's requirements in spite of my physical or Mental illness or Developmental Disability disease or defect. Required by the persons or team responsible for establing establishing and continously maintaining continuity of care and services refering to the process of: identifying my medical, psychiatric, or psychological care or treatment needs and educational or rehabilitative service needs of (me) Troy E. Wyley with medical or mental conditionally illness, a developmental disability or an illintellectual disability by failing to contin provide me with or accommodation and access at this present and future to service required by the case management persons or team because these persons or team are not capable of coordinating the provisions of treatment, care, or services between the various agencies that was available then and now at the time of post-conviction custody. Troy had a and was diagnosised with a developmental disability a severe, chronic disability is attributable to a mental impairment before he reached 22yrs. of age. See psyche-Records UTMB And Texas Tech univ.-Medical-Mental Health Science Center.

PART III. EXHAUSTION OF GRIEVANCE PROCEDURES:

When I was transferred to John T. Montford Unit a partial Mental Health Science Center for the Criminally Insane the transfer to mental health confinement render the prison grievance system unavailable to me because at that moment of Confinement Gross chronic Mental Infirmity imposition occurs when the TDCJ the preper-trator knows I suffered from a mental disease or defect or mentally developmental disability which renders him incapable of appraising the nature of his conduct (me). Therefore, the federal Court should consider holding excusing me from exhausting administrative remedies as required by the Prison Litigation Reform Act (PLRA)

4-E

42 U.S.C. § 1997e.

Continued PART V. STATEMENT OF CLAIM :

Mr. Troy Wigley was an inmate at the John T. Montford Unit - a institution for the treatment and care of the developmentally disabled for those prisoners in need of crisis intervention, generally round-the-clock and staffed by professionals, with mental health professionals serving as advisor or in a back-up capacity, where defendant "John Doe" a guard on or about February 23 or 24, 2020 had use unnecessary and excessive unlawful and wrongful chemical pepper spray on my entire body while I was inside a crisis management holding cell on B1-Pod, while I was complete nude thereby exposed to the chemical pepper spray on my flesh all over my entire body for a reason that does not justify probable cause to do so by the laws of the State of Texas ch. #614 Title 7. Mental Health And Intellectual Disability.

John Doe a guard sprayed me because I rammed my head into the cell steel door 3 separate occasions while the Pill nurse was attempting to deliver medication. I was out of my mind suffering from psychosis. I didn't know what I was doing was wrong at that time. After John Doe a guard chemically peppered sprayed me completely orange color the chemicals caused my skin burning irritation extreme burning. The entire cell was infested with the chemical peppes spray they left me in the cell to subject me to complete faced torture - it was completely and total hell in that isolation crisis management holding cell the suicide blanket was damp with chemical pepper spray. The John Doe guard even wrote an offense report that was later written as a Major disciplinary case just because the guard had to chemically spray pepper spray on me not because I rammed my head into the steel cell door. I was processed through Major disciplinary hearing because the John Doe a guard used his chemical pepper spray entire cannister on my entire body. The State of Texas forbids the use of chemical pepper sprays on inpatients in institutions or state hospitals to being chemically pepper spray - Prohibited by law. Because the prisoner is developmentally ill or suffering from a mental disease or defect rendering him incapable of appraising the nature of his conduct.

— 4-F —

The defendants TDCJ and John T. Montford Unit allows their prison guards to use chemical pepper spray on their psych-inpatients in egregious disregard and violative of the state of Texas laws prohibiting the use of chemical pepper sprays but does so simply because I'm mentally ill or developmentally disabled. The Federal government have statutes under the Torture laws criminaling those persons using chemical pepper sprays on prisoners who are mentally ill or mentally impaired in state institutions and state hospitals. And, so does the United Nations universal laws prohibition of using torture on a person in any kind of manner or way. When shift changed at 6:30 or 6:00 A.M. two hispanic female prison guard placed me inside the shower stalls and turned only the hot water on me causing me to suffer extreme or excurtiating burning, pain and caused my skin to shed or pill off my legs, upper body parts and just all over my body. I was bleeding, shaking, crying the pain was so intense I could do nothing but cry. I had asked for cooler water but they simply ignored me. After they'd turn the hot water off the coerced or duressed me to put back on the Green blanket that had the orange chemical pepper spray all over it. So they were creating a second-hand dose of chemicly peppered spray all over my body again. If I refused to used the blanket to wrap up with they were given orders to chemically pepper spray me again while I was inside the shower stall. While I was returning to my crisis management cell I paused to tell the charge nurses I was bleeding and burn- all over my body, they told me there was nothing they could do for me while I was still in crisis management. So I was denied physical examination, medical services, of care and treatment at that time. Later I was x-rayed for cervical nerve and spinal cord and cervical plexus damages but I was never shown the x-rays by the lab x-ray technician or charge nurse. I suffered severe excurtiating burning pain like standing to close to a fire to like placing your hand into the fire pit. Thus these John Doe male guard and the two female guards used unnecessary and ex- cessive force on me maliciously and sadisticly as paraphilia in which sexual grati- fication was derived from inflicting physical or psychological pain on me while naked.

-4-G-

I remained in that isolation crisis management cell fifteen days after the John Doe guard chemically pepper sprayed me, then the grievance procedure was not available to me. After my placement inside another observation cell on John T. Montford Unit that allowed me to have possession of a pen and paper. I tried to file a step one grievance but I was rejected because time had expired the 15 days time limit to exhaust administrative remedies.

Thereby while I was kept in a crisis management observation cell I was with out a grievance and pen to write and file a step one grievance to exhaust administrative remedies on the chemical pepper spray issue. Therefore, the federal court should consider holding excusing me from not exhausting administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Each John Doe male guard and Jane Doe female guard mentioned hereinabove is sued in their official and individual capacities and while acting under color of the laws of the state of Texas and while acting in the course and scope of their employment and while acting for the benefit of, or at the direction of, or in association with their employment - The Texas Department of Criminal Justice - Inst. Division.

Now, this is a claim against the IRS - Department of the Treasury - Internal Revenue Service. Austin, Tx 73301 - 0215. I claim the IRS - in Austin, Tx together with surrounding federal Internal Revenue Services in America has and did since Feburary of 2021 - and continuing to this date, by reason of my disability, knowingly - Coronavirus as a person incarcerated with the Coronavirus 3-times, has deliberately, knowingly, with the intent to maliciously harass me and has excluded me from participation in or be denied the benefits of U.S. Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) on March 27, 2020 consolidated and U.S. Congress passed two more stimulus bills in the next year; the December 27, 2020 consolidated Appropriations Act (CAA); then on March 11, 2021, Congress approved another stimulus payment or tax credit with America Rescue Plan Act or has deliberately, knowingly with the intent in a malicious discriminatory chain subjected me to discrimination by the Federal IRS in Austin, Tx and their sister federal agencies as a qualified person eligible to receive stimulus checks. The Internal Revenue Service originally declined to send stimulus payments to prisoners, but a California federal district court entered a permanent injunction in a nationwide class action requiring distribution of stimulus payments to prisoners. See PLN, Nov. 2020, p. 24; Scholl vs. Mnuchin, 494 F. Supp. 3d 66 [N.D. Cal. 2020]. The CARES Act was a $1,200 payment to every American adult with an income below $75,000. Those payments were commonly known as stimulus checks. The December 27, 2020, consolidated Appropriations Act approved a $600 stimulus payment and the March 11, 2021, Congress passed-approved a $1,400 stimulus payment or tax credit with the American Rescue Plan Act. I qualified for those stimulus checks because I was, I am, and is a prisoner in the custody of the Texas prisons that fell under the definition of persons eligible to receive stimulus checks but the IRS - in Austin, Tx 73301-0215 excluded sending me my stimulus checks because of its malicious

harassing me or its feelings of discriminatory animus toward me because I'm a person disabled and under a disability because I owe the State/Federal Dist. Ct.'s that my Inmate Trust Account reveals, if, the IRS looked and investigated my Inmate Trust Account, and because I'm a person with a developmental disability or mental illness but the only way to disqualify, is if I'm Not an American Citizen and Not born on American soil. I am an American citizen born in United States of America - Hamilton County, Cincinnati, Ohio, by Marlene P. Wigley-Perry. I filed three a 2020 1040 claiming the Recovery Rebate Credit (RRC); I filed twice each Form 1040 and twice each Form 1040-SR to the IRS in Austin, TX just wouldn't budge the IRS just would send me my 3 Coronavirus Aid, Relief, and Economic Security (CARES Act) and full 3 amounts Economic Impact Payments. The IRS to filed a Recovery Rebate Credit if I didn't receive the full amounts of both the Economic Impact payments I was eligible to claim the Recovery Rebate credit on my 2020 Form 1040 or their 1040-SR they sent me the complete Recovery Rebate credit worksheets in the instructions for Form 1040 and Form 1040-SR but the IRS kept simply sending me boughgest fraudulent fabricate letters heading telling me: We're working on your account. However, we need an additional 60 days to send you a complete response on what action we are taking on your account. My first filing for my Economic Impact payment was: Tax periods: Dec. 31, 2020, Form 1040. I simply waited, waited, and waited for years, years, and years but the IRS in Austin, TX wouldn't truthfully cooperate with me so now it's been since Dec. 31, 2020 to today I've never received my CARES Act $1,200, my consolidated Appropriations Act (CCA) $600 and the American Rescue Plan Act a $1,400 stimulus payments checks. No never. I've suffered physical pains of lack of sleep, of, physical jerking or twitching of the body even while asleep that wakes me up from sleeping, when I was asleep caused worrying, anticipating a factitious disorder and dysthymic disorders because many other prisoners could buy vitamins, and bottled water from commissary because they got their stimulus checks, but I developed mood disorders because I developed depressive feeling I was singled out for abuse, loss of interest and pleasure in my usual activities, and other symptoms typical of depression but tending to be longer in duration and more severe than in less depressive disorders and generalized anxiety disorders (GAD), an anxiety disorder characterized by excessive, uncontrollable worry about these life circumstances for since Dec. 31, 2020 to today.

Relief: Plaintiff Wigley demand the IRS in Austin, TX 73301-0215 pay him $20,000 Dollars in Compensatory Damages for the physical and psychological harm he's sustained hereinabove. And Plaintiff demand the IRS in Austin, TX 73301-0215 pay him $35,000 Dollars in Punitive Damages for the IRS egregious and reprehensible conduct that's ongoing and continuous acts; And Plaintiff demand that the IRS in Austin, TX 73301-0215 pay him $15,000 Dollars in Nominal Damages for violating his rights under the (ADA) Americans With Disabilities Act and Rehabilitation Act §42 U.S.C. §12101-§12131-§12132 and 29 U.S.C. §794 (a).

Page - 4 - I -

I'm claiming the Texas Department of Criminal Justice creates a safety lighting hazard that significantly produces a physical pain that's real and not imaginary or ideation. Texas Department of Criminal Justice receives federal funding. As a person with a physical disability I tried talking and grieving about the claims that now follow but the Texas Department of Criminal Justice just wouldn't modify its state-created safety lighting hazard. The plaintiff Wigley now sues to get equal access to facilites, or programs, and services that other persons are getting that are or aren't similarly situated with a vision impairment disability. A vision impairment for this lawsuit is considered a physical injury. During my placement in High Security-Ad. Seg. and on September 5th, 2022 I've been experiencing constant headaches, possible cataract, vitreous (gel-like substance) detachment, vitreous floaters, moving spots in the field of vision and increased pressure in the eyes, eye pain in both eyes and redness, light sensitivity, and blurring vision-the lighting levels from the ultraviolet or flouresent lighting in the lighting fixtures used to provide cell lighting that creates a safety lighting hazard that significantly produces a physical pain. I'm experiencing in cells on units designed as James V. Allred Unit with ECB facility. Texas prisons has known and has knowledge that there is a potential but rare substantial risk of serious and sometimes total side effect due to a longstanding or even short time exposure high extreme flouresent lighting can cause, such as, chronic or sustained eye pain and redness, headaches, sustained increases in eye pressures, and related to leading to heart attacks, or strokes, diversion from focusing attention span, diversion from focusing attention on a object or idea, and lack of sleep, or characterized by hyperactivity and short attention span, when I'm asleep the high extreme flouresent lights, causes a physical jerking and twitching of my body, while I was asleep, and wakes me up from sleep, when I was asleep. This is the direct and approximate reason so many prisoners cover-up their cell light fixtures in these ECB cell due to the extreme high flouresent bright lighting sustained eye pain and redness, headaches, that leads to a state-created safety lighting hazard that significantly produces a physical pain. When I was there in ECB facility I regularly take tylenol pills or Non-Aspirin for eye pain and headaches all the time. Because I am unjustifiably place in High Security-Ad. Seg. building I am contantly exposed to the extreme high flouresent cell lights because I am lock in the cell most of the hours each day and no way of avoiding the exposure risks it's causing my sight. Therefore, I'm respectfully suggestured in my step 1 grievance the Director Bobby Lumpkin and his Review Committee be informed of this serious risk and modify the light fixture structure by installing the lighting fixture on the in-cell ceiling, e.g., the upper interior surface of our narrow, contining rooms. So that the high extreme flouresent lighting doesn't have instant-direct contact with prisoners eye sight, which after some time to excessive or over exposure is significantly producing a physical pain described herein above. If the prison officials can't change the light fixture structure by installing the lighting fixture on the ceiling interior surface, esp., as set by regulation then I'm respectfully requesting placement

Page-4-J-

in a sheltered cell that's small enclosed room isn't causing direct-instant exposure with my eye sight as the lights fixture structures in these current Texas prison units causes, and creating a safety lighting hazard that significantly produces physical pain presently. I was satisfied with the Texas prison administrator's decision from the step 1 grievance as inappropriate and unacceptable in griev.#2023004070 dated 09/21/2022. I appeal. I claimed my right to reasonable safe conditions in institutions is a basic human need, that must be respected and taken serious by prison officials. The Director and the Director's Review committee should be informed of this serious risk the bright flourescent lights in the cells on these types of units are causing to prisoners vision, and the sustained eye pain and redness it produces, that leads to a safety lighting hazard that significantly produces a physical pain. This is real and not imaginary. Something must be done to remove what's causing prisoners like me eye vision impairment whom locked-up in these narrow cells, such as, the ones with ECB buildings. Texas prisons should change their light fixture regulations design to allow lighting to accommodate the narrow, confining rooms, from the incell ceiling, e.g., the upper interior surface. This would modify the direct-instant exposure with my eye sight, and reduce creating a safety lighting hazard that's presently produces physical pain. If the prison officials can't change the light fixture placement to the ceiling's interior surface, by modifying prison regulations. Then I believe this matter calls for another opportunity to reconsider my this matter.

RELIEF. Continued from PART VI:

in the amount of $70.000.000 Dollars -(seventy Million Dollars) for his pains, excushaning burning pains and suffering and for all his physical injuries sustained as described here above And

Plaintiff Wigley demands to recover and asking $50.000.000 Dollars-(Fifty Million Dollars) in Punitive damages for Defendants egregious and malicious and sadistic acts taken against him while in the Texas prison it's custody; and

Plaintiff Wigley demands to recover and asking $20.000.000 Dollars (Twenty Million Dollars) in Nominal damages for the egregious - malicious violation of his rights violated by the defendants which set atonement for their violations.

Plaintiff request to proceed informa pauper but if the U.S. Dist. ct. allow my financial guardian to make payments I agree to pay the filing fee thru a financial guardian And I request to Recover Reasonable Attorney Fees if the jury decides any issues herein in my favor; and

Plaintiff Wigley demands by judgment in his favor through a jury decision the(jurors) jury order the defendants to abate the use of using chemical pepper spray on prisoners in Mental health facilities in the State of Texas because it's constitutes corporal punishment-Torture. And to recognize state laws prohibiting the use of chemical pepper spray, tear gas on

prisoners while in the mental hospitals and mental institutions; And
Plaintiff demands and Request any and all further Relief Equitable in nature.
Thus done this the 25th day of August 17th, 2023.
Respectfully Submitted,

Note: Special Issues In Cases Involving Mental Disabilities: Mental Capacity Relating
to Mental Retardation and Mental Illness- ch. 4. PART II-/ F.2. Involuntary Behavi-
oral Interventions-(d.) Chemical Sprays page 21-ch.4.- Chemical sprays that are in-
tended for temporary restraint such as tear gas and pepper spray cannot be used under
any circumstances while the individual is in the Mental health facility. It is illegal.
(Sic).
page 20. ch.4. (C)... says... It is prohibited in the State of Texas to use chemicals
to restrain an individual.(Sic)


Respectfully Submitted,
Mr. Trey Eugene Wigley

Page-4-L-End.

EXHIBIT #A

Yes, I'm Troy E. Wigley's cellmate right at this time and date and Yes, Troy has a metal silver razor blade in his physical possession right now while I'm physically here in this cell or room with him at John T. Montford Unit - Texas Tech. Medical Health Science Center on B2-Pod-44 bunk.

Signature: Floyd James Bezeox    DoB: 4-4-1977
Date: 7-8-2023    TDCJ No. 1220652

# YOUR STIMULUS MONEY IS WAITING. HERE'S HOW TO GET IT...

September 8, 2021

Troy E. Wigley
TDCJ #: 437586
Allred Unit
2101 Fm 369 North
Iowa Park, TX 76367

Dear Mr. Wigley,

Incarcerated individuals have **every right** to receive the 3 Economic Stimulus Payments many other Americans received.

**In many cases, payments for all three checks total over $3,000.**

There is a limited window to claim this 2020 Recovery Rebate Credit stimulus money by filing a 2020 tax return.

We are a tax firm in Austin, TX that has already helped get stimulus payments to those who deserve them.

Fill out our simple form, and let's get started.

Sincerely,

Practical Tax
Austin, TX

## *We don't get paid unless you do.*

TROY WIGLEY
TDCJ # 00437580
Montford Unit
8602 Peach Avenue -
Lubbock, TX 79404

Five Stamps Postage Prepaid!

RECEIVED
AUG 2 2 2023

LUBBOCK TX PB&DC 794
FRI 18 AUG 2023 PM

"OFFICE OF THE CLERK of courts"
U.S. District Clerk's office -
United States Federal Court -
1205 Texas Avenue, Rm 89.
Lubbock, Texas 79401 - 4091





Privileged Inmate Mail
Not Inspected by Texas
Department of Criminal
Justice Institutional
Division